

**SO ORDERED.**

**SIGNED this 30 day of June, 2009.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.

_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

In re

CATHERINE ANNE SMITH

        Debtor

Case No. 09-30474

L. R. LONG

        Plaintiff

v.

CATHERINE ANNE SMITH

        Defendant

Adv. Proc. No. 09-3051

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR A MORE DEFINITE STATEMENT**

Before the court is the Defendant's Motion to Dismiss, or in the Alternative, for a More

Definite Statement (Motion) filed by the Defendant on June 5, 2009, requesting dismissal of this

adversary proceeding pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failing to state a claim upon which relief can be granted or, in the alternative, requesting an order requiring the Plaintiff, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, to amend the document filed by the Plaintiff on May 6, 2009, entitled "Adversary Proceeding Objection to Discharge of Debt Revised 5/06/2009" (Complaint), to state with specificity the relief sought.  The Plaintiff, pursuant to E.D. Tenn. LBR 7007-1 and the court's June 9, 2009 Order, filed his "Response to motion for dismissal" on June 25, 2009.  Under subsection (b)(6) of Rule 12, which is applicable to adversary proceedings by virtue of Rule 7012 of the Federal Rules of Bankruptcy Procedure, a defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief can be granted[,]" and under subsection (e), if a pleading is so vague or ambiguous that the party required to respond cannot reasonably do so, that party may file a motion for a more definite statement which advises the court of the pleading's deficiencies and details the information needed so that the party may adequately respond.  FED. R. CIV. P. 12.

When contemplating a motion to dismiss under Rule 12(b)(6), the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand, C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001).  Nevertheless, notwithstanding that all factual allegations are deemed to be true, the court is not required to accept legal conclusions or unwarranted factual inferences as true.  *Mich. Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 533 (6th Cir. 2002).  Instead, the focus should be upon "whether the plaintiff has pleaded a cognizable claim[,]" *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir.

2003), and whether the complaint contains "either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *League of Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Additionally, the court should not rely upon any documents other than the pleadings, although it may rely upon public records or other documents appropriately encompassed by judicial notice set forth in Rule 201 of the Federal Rules of Evidence. *Perry v. EMC Mortgage Corp. (In re Perry)*, 388 B.R. 330, 334 (Bankr. E.D. Tenn. 2008). Alternatively, "[i]n the case of a truly unclear complaint, the defendant can move for a more definite statement of the claim under Rule 12(e)." *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002).

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). Additionally, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud . . . [and m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "[T]he threshold test is whether the complaint places the defendant on 'sufficient notice of the misrepresentation,' allowing the defendant[] to 'answer, addressing in an informed way plaintiffs [sic] claim of fraud.'" *In re LTV Steel Co., Inc.*, 288 B.R. 775, 780 (Bankr. N.D. Ohio 2002) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 162 (6th Cir. 1993)) (citation omitted). In other words, in order "to satisfy Federal Rule 9(b), 'the pleader must state the time, place and content of the false representation, the fact misrepresented, and what was obtained or given as a consequence of the fraud.'" *Hartley v. Elder-Beerman Stores Corp. (In re Elder-Beerman Stores Corp.)*, 222 B.R. 309,

312 (Bankr. S.D. Ohio 1998) (quoting *Bell v. Bell*, 132 F.3d 32, 1997 WL 764483, at *5 (6th Cir. Dec. 3, 1997)). "Rule 9(b)'s particularity requirement does not mute the general principles set out in Rule 8[, calling for "simple, concise, and direct" averments]; rather, the two rules must be read in harmony." *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). Therefore, to comply with Rule 8, these elements of fraud need only be pled "with a short and plain statement." *Elder-Beerman Stores Corp.*, 222 B.R. at 312.

The Plaintiff sets forth numerous factual allegations in his Complaint relating to statements made by the Defendant in her statements and schedules and at her meeting of creditors which he alleges were false, and he asks that her discharge be denied in accordance with 11 U.S.C. § 727 and 11 U.S.C. § 707. While the Complaint does not specifically refer to the subsections relied upon, it is clear by the specific factual allegations and his averments that "the defendant has committed several counts of what are seen and are to be proven of perjury and fraud/fraudulent concealment in her petition[, and f]or a person filing bankruptcy she seems to be living 'high on the hog' and as shown her expenses are questionable and outrageous[,]" that the Plaintiff has relied upon § 727(a)(4)(A) and § 707(b), and in fact, the statutory bases for the Complaint were so clear that the Defendant referred to them in her Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, for a More Definite Statement Filed By Defendant.

Denial of discharge under § 727(a)(4) requires proof that the Defendant made a statement under oath which was false, that she knew the statement was false when she made it, that she made the statement with fraudulent intent, and that the statement materially related to her bankruptcy case. 11 U.S.C. § 727(a)(4)(A); *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000). Both

affirmative false statements and omissions fall within the scope of § 727(a)(4)(A), *Searles v. Riley (In re Searles)*, 317 B.R. 368, 377 (B.A.P. 9th Cir. 2004), and statements are material if related to a debtor's business enterprises or transactions, the bankruptcy estate, the discovery of assets, and/or the existence and disposition of property, as are matters pertinent to the discovery of assets. *Keeney*, 227 F.3d at 686; *Zitwer v. Kelly (In re Kelly)*, 135 B.R. 459, 461 (Bankr. S.D.N.Y. 1992). Bankruptcy statements and schedules are executed under oath and penalty of perjury, and statements and testimony given by a debtor at a meeting of creditors, by a deponent in a deposition, and/or by a witness in a 2004 examination are under oath and penalty of perjury. *Ayers v. Babb (In re Babb)*, 358 B.R. 343, 355 (Bankr. E.D. Tenn. 2006).

As previously stated, the Plaintiff expressly avers in the Complaint that the Defendant made false statements at her meeting of creditors and in her statements and schedules concerning her residence, the ownership of horses and movable horse partitions, testimony concerning the payment of debts, involvement in a state court lawsuit, and her monthly living expenses. Taking the Complaint in a light most favorable to the Plaintiff, the court finds that the Plaintiff has pled sufficient facts to put the Defendant on notice as to the alleged misrepresentations upon which he bases his objection to discharge which, if true, could entitle him to the relief sought; i.e, denial of the Defendant's discharge. As such, the Complaint withstands the Defendant's Motion with respect to dismissal under Rule 12(b)(6) and a more definite statement under Rule 12(e) as it relates to the objection to discharge under § 727, and the Defendant's attempts to disprove the factual allegations contained in the Complaint in her Memorandum of Law, through argument and the documents attached thereto, were not considered in the context of this Motion.

The Plaintiff also expressly references 11 U.S.C. § 707, asking the court that the Defendant's "petition . . . be denied." Section 707(b) allows parties in interest to seek dismissal of a case if "the granting of relief would be an abuse of the provisions of [Title 11]," 11 U.S.C. § 707(b), so long as the following three elements are met: (1) the debtor is an individual; (2) the debts are primarily consumer debts; and (3) granting relief to the debtor under Chapter 7 would be a "substantial abuse." *In re Pier*, 310 B.R. 347, 352 (Bankr. N.D. Ohio 2004). In the Sixth Circuit, when making a § 707(b) determination, courts look at the totality of the circumstances and whether the debtor is seeking an advantage over creditors or is "honest" and "needy" "in the sense that [the debtor's] financial predicament warrants the discharge of [her] debts in exchange for liquidation of [her] assets." *Behlke v. Eisen (In re Behlke)*, 358 F.3d 429, 434 (6th Cir. 2004) (citation omitted). In summary, the court may find substantial abuse if a debtor has acted dishonestly or is not financially needy such that a discharge is warranted. *See In re Keating*, 298 B.R. 104, 108 (Bankr. E.D. Mich. 2003).

As previously stated, when determining whether the Plaintiff has pled sufficient facts to withstand the Motion, the veracity of the Plaintiff's allegations is not at issue, and the court is concerned with whether the facts pled, if true, would support the claim averred and the relief sought. In the Complaint, the Plaintiff listed eight specific expenditures which he avers are unreasonable and/or overstated, and which, if determined to be so, could provide the court with a basis to dismiss the Defendant's bankruptcy case under § 707(b). Accordingly, the Defendant's Motion with respect to this count is also denied.

Finally, in his prayer for relief, the Plaintiff asks for "recovery of debts or property owed, sanctions against the petitioner and her lawyer for fraud, [and] incarceration and fine for perjury and fraud." With respect to these requests for relief, the Plaintiff has failed to allege any statutory basis therefor, and the Defendant's Motion is granted. These requests for relief are dismissed. The Plaintiff's action shall proceed under 11 U.S.C. § 727(a)(4)(A), as to the Plaintiff's objection to discharge, and under 11 U.S.C. § 707(b), as to the Plaintiff's action seeking dismissal of the Defendant's bankruptcy case.

# # #